COMMONWEALTH *vs.* DOMINIQUE KRATHOFSKI.

Hampden.    May 16, 1898. — June 23, 1898.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Venires for Grand Jurors — Decision of Aldermen as to Absence or Sickness — Amendment by Constable of Return on Venire.*

The provision in Pub. Sts. c. 213, § 1, that venires for grand jurors must be issued not less than seven nor more than thirty days before the commencement of the first term of the Superior Court in each year, means the first term for the transaction of criminal business.

The provisions of Pub. Sts. c. 170, § 18, that, if a person drawn as a juror is exempt by law or is unable by reason of sickness or absence from home to attend as a juror, his name is to be returned into the box and another drawn in his stead, necessarily imply that the decision of the aldermen is to be made upon the spot, and that such decision is final; and, even if the decision honestly made was wrong, no objection is open on this ground.

*It seems* that a constable may be rightly allowed to amend his return on a venire issued for grand jurors.

INDICTMENT, for murder.    The hearing was on a special plea and the replication thereto, before *Hopkins,* J., who overruled the same, and the defendant alleged exceptions.    The facts appear in the opinion.

*T. W. Kenefick & J. T. Moriarty,* for the defendant.

*C. L. Gardner,* District Attorney, for the Commonwealth.

ALLEN, J.    The prisoner's first objection is that, by Pub. Sts. c. 213, § 1, the venires for grand jurors must be issued not less than seven nor more than thirty days before the commencement of the first term of the Superior Court, in each year, and that the venires were not issued till after a term for the transaction of civil business had been held.    It is provided for Hampden County in St. 1885, c. 27, that " terms of said court for criminal business shall be held at said Springfield on the first Monday of May, the fourth Monday of September, and the third Monday of December.    The grand jury for Hampden County shall assemble at the terms of the court hereby established."    This is a direct implication that they are not to attend at any other term, and therefore they need not be summoned except for the criminal terms.    It is quite clear that the requirement as to the time of

issuing the venires relates only to the criminal terms. *Commonwealth* v. *Intoxicating Liquors*, 13 Allen, 561. *Commonwealth* v. *Intoxicating Liquors*, 107 Mass. 386. These cases show that the construction of Pub. Sts. c. 213, § 1, would probably be the same, even without the assistance of St. 1885, c. 27. We have no occasion to consider whether in any case a non-compliance with the directions of the statute would avail a defendant by way of objection. See 1 Bish. Crim. Proc. § 875, and cases cited.

The only other objection presented in argument is that one of the grand jurors from Holyoke was illegally drawn. The venire called for four grand jurors from Holyoke. The records of the board of aldermen, which were put in evidence, showed that four names were drawn, to wit, Stedman, Borthwick, Moore, and Fitzpatrick; that prior to the drawing of the name of Fitzpatrick the name of Brennan was drawn, and that, upon the statement of a member of the board that Brennan had removed from Holyoke, the president directed another drawing, and the name of Fitzpatrick was drawn. By Pub. Sts. c. 170, § 18, if a person so drawn is exempt by law, or is unable by reason of sickness or absence from home to attend as a juror, his name is to be returned into the box, and another drawn in his stead. This necessarily implies that the decision is to be made upon the spot, and that such decision is final. In this case, Brennan was rejected as a non-resident. Only inhabitants and voters can be placed on the jury list. Pub. Sts. c. 170, §§ 1–6. If the decision of the aldermen, honestly made, had been wrong, no objection on this ground would be open to the prisoner. *Commonwealth* v. *Brown*, 147 Mass. 585, 593. But from the testimony of Brennan it would seem that their decision was right. No other objection against Fitzpatrick is suggested, except that Brennan's name was drawn first.

Both of the above objections are untenable. The other exception taken was not insisted on, it being entirely clear that the constable of East Longmeadow was rightly allowed to amend his return, if indeed any amendment was necessary. *Commonwealth* v. *Parker*, 2 Pick. 550.

*Exceptions overruled.*